IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Civil No. CCB-12-1252 |
| : | |
| $14,250 U.S. CURRENCY : | |
| : | |

**MEMORANDUM**

Plaintiff United States of America ("the government") brings this forfeiture action against defendant $14,250 U.S. Currency, pursuant to 28 U.S.C. § 881(a)(6). Now pending before the court is a motion to strike the answer of potential claimant Eric Coley ("Mr. Coley") and enter a final order of forfeiture. The government argues that Mr. Coley's answer should be struck for failing to comply with Rule G(5) of the Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions. For the reasons discussed below, the government's motion will be granted.

**BACKGROUND**

On April 24, 2012, the United States filed a "Verified Complaint for Forfeiture" as to $14,250.00 in U.S. Currency. ("Compl.," ECF No. 1.) The action is a civil, in rem proceeding to forfeit money seized pursuant to a property search; the funds are allegedly connected to violations of the Controlled Substance Act, 21 U.S.C. § 841, by Eric Coley, and are subject to forfeiture under 21 U.S.C. § 881(a)(6).

1

On May 2, 2012, the government sent copies of the complaint to Michael Kaminkow, then attorney for Mr. Coley.[1] The notice indicated that Mr. Coley was required to file a verified claim within 35 days of the date of the notice, i.e. by June 6, 2012. On June 7, 2012, Mr. Coley filed an "Answer" to the government's complaint, explaining the ground for his claim to the currency. (ECF No. 4.) He did not file a verified claim.

On July 20, 2012, the government sent Mr. Coley interrogatories and a request for production, along with a letter requesting that Mr. Coley file a verified claim within an additional 35 days, i.e. by August 24, 2012. Once again, Mr. Coley did not file a verified claim. Instead, he filed a motion to stay discovery pending resolution of the criminal case against him. (ECF No. 8.)

On September 19, 2012, Mr. Coley pled guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and possession of a firearm in furtherance of drug trafficking. On November 29, 2012, the United States filed a motion to strike Mr. Coley's answer, arguing that Mr. Coley lacked statutory standing because he did not file a verified claim within thirty-five days of receiving notice, as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Fed. R. Civ. P. Supp. R. G(5). Mr. Coley filed an opposition but no verified claim.

## ANALYSIS

Supplemental Rule G governs a forfeiture action in rem arising from a federal statute. Supp. R. G(1). Under Supplemental Rule G(5)(a)(i), "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." *See also* 18 U.S.C. § 983(a)(4)(A) (stating a person may claim an interest in seized property in a "manner set forth in the [Supplemental Rules]"). The government may set the

---

[1] Mr. Coley is now represented by Derrick G. Hamlin, Esq., in regard to this forfeiture action.

2

deadline for filing a verified claim at 35 days from the date it sends notice of the proceeding to a potential claimant. Supp. R. G(4)(b)(ii). A verified claim contesting forfeiture must accomplish the following: 1) identify the specific property claimed, 2) identify the claimant and state the claimant's interest in the property, 3) be signed by the claimant under penalty of perjury, and 4) be served on the government's attorney. Supp. R. G(5)(a). After filing a claim, a person asserting an interest in seized property has 21 days to serve and file an answer to the complaint for forfeiture. Supp. R. G(5)(b).

The Supplemental Rules "must be strictly enforced." *United States v. $12,914.00 in U.S. Currency*, 828 F.Supp.2d 822, 824 (D. Md. 2011) (internal citations omitted); *United States v. Borromeo*, 945 F.2d 750, 752 (4th Cir. 1991) (noting that "[c]ourts consistently have required claimants to follow the language of the Supplemental Rules to the letter"). Of the Rule G(5) requirements, the verified claim is the "most significant." *United States v. $12,914.00*, 828 F.Supp.2d at 824; *see also United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664 (3rd Cir. 2007). The requirement serves two purposes: it ensures that all potential claimants come forward quickly and it minimizes the danger of false claims. *United States v. $487,825.00*, 484 F.3d at 664-665.

A claimant who fails to file a verified claim has no standing to contest a forfeiture. *Id.* at 665–66 (holding claimant lacked statutory standing for failure to comply with the Supplemental Rules when claimant filed an answer but no verified claim). Thus, if a claimant has failed to file a qualifying claim within the time limits allowed by law, the district court should strike the answer on the pleadings and enter a default judgment for the government. *See United States v. $23,000*, 356 F.3d 157, 163-64 (1st Cir. 2004) (affirming a default judgment against a claimant who filed an answer, but not a claim).

Here, Mr. Coley did not file a verified claim. It is true that the answer he filed on June 7, 2012, takes the form of a verified claim – instead of admitting or denying the statements in the government's complaint, it includes the identity of the property, the identity of the claimant, and the claimant's interest. Nonetheless, it was not signed by Mr. Coley under penalty of perjury.[2] As a result, this document is not a verified claim.[3]

Because of the important interests served by requiring a verified claim, courts are entitled to insist upon procedural regularity. Here, Mr. Coley failed to file a verified claim, despite multiple requests by the government that he do so. Accordingly, the court will grant the government's motion to strike Mr. Coley's answer and enter default judgment for the government.

A separate Order follows.


12/21/12_____                              _____/s/_____
Date                                              Catherine C. Blake
                                                  United States District Judge

---

[2] Rather, it was signed by Mr. Hamlin based on "reports and information" received from Mr. Coley.
[3] *But cf. United States v. One Urban Lot Located at 1 St. A–1, Valparaiso, Bayamon, P.R.,* 885 F.2d 994, 999 (1st Cir. 1989) (holding that if a verified answer contains *all* the elements of a claim, "the answer may be deemed to have fulfilled the function of a claim in terms of establishing the owner's standing").